### ATKINSON, et v STATE

Ohio Appeals, 4th Dist, Vinton Co
Decided Oct. 8, 1930

Louis M. Day, Chillicothe, for Atkinson.
C. O. Chapman, Prosecuting Attorney, McArthur, for State.

**BY THE COURT**

The only contention made here is that the judgments of conviction were not supported by sufficient evidence. The bill of exceptions is not by any means satisfactory but it purports to contain substantially all the evidence and further states that it contains all of the evidence in each of the three cases prosecuted against the plaintiffs in error. We have carefully gone over this bill of exceptions and read the evidence as it appears therein. It is our conclusion that such evidence wholly fails to support the judgments of the court below. The rule is well established that when circumstantial evidence alone is relied upon for the conviction of a party charged with a criminal offense such evidence must be of a character that makes it wholly inconsistent with any other interpretation than that the party charged is guilty of the crime.

The incriminating circumstances in this case as to the two Freeman boys were that they were found by the arresting officer about one hundred and fifty yards from the property claimed to have been possessed by them for the manufacture of intoxicating liquor. There is no other evidence whatever in the record to connect them with the possession of this property. As to Atkinson it appears from the evidence of one witness that a path led from a shanty occupied by him to the place where the property in question was found and that the path began at his shanty and ended at the location of the still. There is no description of this path and nothing to indicate how much or how frequently it had been travelled. The evidence further discloses that Atkinson was living alone without a family and usually away from home during the day time.

Upon a consideration of all the evidence we find ourselves unable to affirm the judgments and they are therefore reversed on the ground that they are not supported by sufficient evidence.

Middleton, PJ, Mauck and Blosser, JJ, concur.